MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
NEILL T. TSENG      (CABN 220348)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, CA 94102-3495
  Telephone: (415) 436-7155
  Fax: (415) 436-6748
  Email: neill.tseng@usdoj.gov

Attorney for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND ~~SAN FRANCISCO~~ DIVISION

| | |
|---|---|
| JOSEPH MILBAUER,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>  Defendant. | Docket No. C 12-6517 ~~EDL~~ YGR<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [~~PROPOSED~~] ORDER;** EXHIBIT "A" |

It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on 12/26/12;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [~~PROPOSED~~] ORDER
No. C 12-6517 ~~EDL~~ YGR

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as U.S. Dept. of Veterans Affairs, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay the sum of five thousand dollars ($5,000.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his [her] guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and his [her] guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his [her] guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his [her] guardians, heirs,

executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

1  Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his [her]
2  attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all
3  rights he/she may have pursuant to the provision of that statute and any similar provision of federal
4  law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the
5  government for damages pertaining thereto are found hereinafter to be other than or different from
6  the facts now believed by them to be true, the Agreement shall be and remain effective
7  notwithstanding such material difference.

      11. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn on the Treasury of the United States for _five thousand_ dollars ($5,000.00) and made payable to _Thomas Quick_. The check will be mailed to Plaintiff's attorneys at the following address: _5674 Stoneridge Dr. #200, Pleasanton, CA 94588_. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

      12. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

      13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [~~PROPOSED~~] ORDER
No. C 12-6517 ~~EDL~~ YGR                    4

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: June 13, 2013

Plaintiff  Joseph M. Ibauer

DATED: June 13, 2013

Plaintiff's Attorney  Thomas Quick

DATED: June 13, 2013

Assistant United States Attorney  NEILL T. TSENG
Attorney for Defendant

A compliance hearing shall be held on Friday, September 13, 2013 on the Court's 9:01a.m. Calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California in Courtroom 5. Five (5) business days prior to the date of the compliance hearing, the parties shall file either (a) a Stipulation of Dismissal; or (b) a one-page Joint Statement setting forth an explanation regarding the failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June 19, 2013

HON. ~~ELIZABETH D. LAPORTE~~ YVONNE GONZALEZ-ROGERS
United States ~~District~~ Judge
~~Magistrate~~
District

# Exhibit "A"

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-73495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    Email: neill.tseng@usdoj.gov

Attorneys for Defendant USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH MILBAUER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | C 12-6517 YGR<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER** |

**STIPULATION OF DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Joseph Milbauer and Defendant United States of America hereby stipulate to dismiss with prejudice the above-captioned action, including all claims that were asserted therein. Each party will bear its own costs and attorneys' fees.

DATED:

JOSEPH MILBAUER
Plaintiff

DATED:

THOMAS QUICK
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

DATED:

NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:

HON. YVONNE GONZALEZ-ROGERS
United States District Judge